(July 5, 1905.)

## WILSON v. EAGLESON.

[81 Pac. 437.]

</div>

INJUNCTION—UNCERTAINTY OF DECREE OR JUDGMENT—INDEFINITENESS.

    1. Judgment held sufficiently certain to warrant the issuance of an injunction.

<div align="center">(Syllabus by the court.)</div>

APPEAL from District Court of the Third Judicial District, in and for Ada County. Honorable George H. Stewart, Judge.

Action to restrain defendants from diverting water from a certain lateral. Judgment for plaintiffs. Affirmed.

Hugh E. McElroy and Frank Martin, for Appellants.

Richards & Haga, for Respondents.

SULLIVAN, J.—This case was first before this court at its January, 1903, term (9 Idaho, 17, 71 Pac. 613). It was again before the court at its November, 1904, term, and was decided March 15, 1905. A rehearing was thereafter granted, and the case was again argued to this court at its May, 1905, term, and on such hearing it was contended that the findings were not sufficient to sustain the judgment. The facts of the case are quite fully stated in the decision as reported in 71 Pac. *supra,* and require no further statement here. The real contention is whether the decree is so indefinite and uncertain that it is not susceptible of enforcement, so far as the granting of a perpetual injunction is concerned. Said decree is as follows:

"Wherefore, it is ordered, adjudged and decreed that the defendants, and each of them, their servants, agents, employees and lessees, be perpetually enjoined and restrained from in any wise maintaining any artificial obstruction, and particularly the checkgate mentioned in the complaint and in controversy herein, in any way or to any extent that may or can interfere with the waters of the plaintiffs flowing in said Peninger lateral, as turned into said lateral to them, and each of them, by the New York Canal Company. And it is further ordered, adjudged and decreed that the permanent injunction of this court issue herein, directed to said defendants, their servants, agents, attorneys and lessees, requiring them, and each of them, to perpetually refrain from having or maintaining any artificial obstruction, and particularly the said checkgate, in any way or to any extent, that may or can interfere with the waters of the plaintiffs flowing in said Peninger lateral, as turned into such lateral to them and each of them by the New York Canal Company."

It is contended by counsel for appellant that the court found that the appellants were using the ditch in question to carry their own water to be used upon their own land, and that they were diverting the same from a lateral by precisely the same means used by respondents to take the water from the same

ditch which the court finds was a checkgate of a character commonly used in irrigating canals for diverting water into laterals and sublaterals.

It is contended that there is nowhere found by the court the amount or quantity of water that the respondents are entitled to run through said lateral; that as the quantity of water the respondents are entitled to run through said lateral has not been found and determined, the appellants are unable to determine the amount of water to be permitted to pass said checkgate; that the appellants are entitled to three hundred inches of water, and that if the New York Canal Company only turn that amount into said lateral for the appellants, and none whatever for the respondents, that they are entitled to take that amount of water out of said lateral and maintain such a checkgate therein as to accomplish that purpose. That in case the appellants are cited for contempt for the violation of said decree, it would necessitate a retrial of the whole case and a determination of the amount of water that each party is entitled to, and for that reason the decree is too indefinite and uncertain to warrant the issuance of any injunction thereon.

The appellants are only enjoined by said judgment from obstructing the flow of any water turned into said lateral for respondents, or either of them, by said canal company. In case more is turned for them it cannot be obstructed, and if any water, no matter what quantity, up to the limit of the quantity entitled to be run through said ditch by respondents is turned in for them, appellants are enjoined from obstructing its flow. Each of the parties have the right to flow water through said lateral, and if water is turned therein for appellants only, they are not in contempt of court under said injunction if they take it out, and if water is turned in for both appellants and respondents, appellants have the right to divert from said lateral water turned in for them, but in so doing they must not obstruct the flow of water turned therein for respondents, each having a right to flow water through said lateral; they must do so without injury to the others.

We think the judgment sufficiently definite to inform the appellants that they must not obstruct the flow of water turned

into said lateral for respondents, and it does not prevent appellants from running their own water through the same and diverting it therefrom by checkgate, or any other means that does not prevent the water belonging to respondents from flowing to them.

The judgment is affirmed, with costs in favor of respondents.

Stockslager, C. J., and Ailshie, J., concur.